UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

MICHELLE GAIL HILL,

    Plaintiff,

v.

MICHAELS STORES, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, MICHAELS STORES, INC. (hereinafter "MICHAELS" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, MICHELLE GAIL HILL ("Plaintiff"), commenced this civil action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida styled MICHELLE GAIL HILL v. MICHAELS STORES, INC., CASE NO. CACE-21-006189 (the "Action"). Attached hereto as Exhibit "1" is a copy of the original Complaint.

2. MICHAELS was served with the original Complaint on or about March 29, 2021. Attached hereto as Exhibit "2" is a copy of the Summons and proof of service of the Complaint on MICHAELS.

3. Undersigned counsel received a copy of said Complaint on or about April 7, 2021, and advised Plaintiff on or about April 13, 2021 of Defendant's intention to remove this action. Attached hereto as Exhibit "3" is Defendant's correspondence to Plaintiff's counsel dated April 13, 2021, providing notice of the intent to remove and the accompanying proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

4. Plaintiff's counsel refused to execute the proposed Joint Stipulation of Alleged Damages. See true and correct copy of Plaintiff's April 13, 2021 correspondence rejecting Defendant's proposed Joint Stipulation of Alleged Damages attached hereto as part of Exhibit "3".

5. While Plaintiff's Complaint is highly vague and ambiguous, this is an alleged personal injury case in which MICHAELS is alleged to have been negligent because of an unspecified injury Plaintiff purportedly sustained on November 19, 2019 while at an unspecified location of the large premises located at 11300 Pines Blvd, Pembroke Pine, Florida. In short, the Complaint alleges Plaintiff somehow slipped and fell on an unidentified "unknown liquid substance" while at the subject premises.[1] Subsequently, Plaintiff alleges a host of legal conclusions without any supporting factual allegations.

---

[1] See Complaint, paragraphs 6 and 7.

6. Defendant MICHAELS seeks removal to the Southern District of Florida, Fort Lauderdale Division, the District in which the action is now pending.

7. This Notice is filed within thirty (30) days of the date that MICHAELS first received a copy of Plaintiff's Complaint, and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

8. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

9. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Seventeenth Judicial Circuit Court in and for Broward County, Florida as required by law.

10. Attached hereto as part of Exhibit "4" to this Notice as Exhibits are all true and legible copy of all non-discovery related process, pleadings, orders and other papers or exhibits of every kind on file in the Circuit Court.

11. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

12. The Complaint states that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff, if she prevails, are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, she sustained "severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

other bills."[2] Plaintiff further alleged the losses are permanent or continuing, and that she will suffer losses in the future.[3] Defendant has attached, as Exhibit "5", Plaintiff's claimed medical bills and redacted medical records demonstrating purported injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00. In summary, the limited medical records received to date indicate that Plaintiff allegedly sustained the following injuries as a result of the subject incident: (1) right shoulder injury with partial tearing; (2) right wrist injury for which she underwent open removal of ganglion cyst; and (3) C5-6 broad-based disc herniation flattening the central aspect of the cord and causing bilateral neuroforaminal narrowing.  See Exhibit "5", redacted medical records.

13.     Florida jury verdict searches, attached as Exhibit "6", for similar injuries consisting of a shoulder injury with partial tearing and cervical disc herniation demonstrates that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See *Triana vs. Palm Beach County Sheriff's Department*, Case No. 502003CA000898, Palm Beach County, 2005 (Plaintiff was awarded $361,271 for cervical and lumbar disc herniations requiring cervical fusion and potentially future lumbar fusion. The award included $24,800 in past pain and suffering; $120,450 in future pain and suffering and the remainder in economic damages; as well as $4 for loss of consortium); *Jones vs. Carnival Corporation*, Case No. 04-CV-20407, S.D. Fla., 2006 (Plaintiff was awarded $140,000.00 for only a cervical fusion.); *Brown v. Knox*, Case No. 16-2007-CA-002674, Duval County, 2009 (Plaintiff was awarded $175,900.00 for cervical disc herniation requiring cervical fusion and resulting permanent injury.); and See *Suchorab vs. Andrade,* Case No. 50-2012CA002483XXXXMB, Palm Beach County, 2013 ($95,495.00 for a labrum tear with

---

[2] Complaint, paragraph 12.

[3] *Id.*

surgery and continuing shoulder pain claimed with no permanent injury found.). See attached Exhibit "6", jury verdict searches.

16. Additionally, Plaintiff's pre-suit demand of August 14, 2020 claims medical specials of $52,614.84, and contains a settlement demand of $400,000.00, and is further evidence that the $75,000.00 amount in controversy requirement is satisfied. See true and correct copy of Plaintiff's August 14, 2020 pre-suit demand correspondence attached hereto as Exhibit "5".

15. Moreover, Plaintiff's Civil Cover Sheet filed with the Circuit Court claims the estimated amount of Plaintiff's claim exceeds $100,000.00. *See* Civil Cover Sheet attached hereto as part of Exhibit "4".

16. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. Plaintiff is a citizen of Florida and MICHAELS is a Delaware corporation with its principal place of business located at 8000 Bent Branch Drive, Irving, Texas. MICHAELS is therefore a citizen of the State of Texas for purposes of diversity jurisdiction.

18. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendant who is a citizen of

tEXAS. Accordingly, Defendant MICHAELS respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq*., and 28 U.S.C. § 1441, *et seq*.

                Respectfully submitted,

/s/ *William A. Potucek*
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
William A. Potucek
Fla. Bar No. 100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

    I hereby certify that on April 14, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                            s/William A. Potucek
                                                            William A. Potucek

**SERVICE LIST**

CASE NO.

Aaron Feuer, Esq.
Rubenstein Law, P.A.
261 N. University Drive, Suite 700
Plantation, FL 33324
aaron@rubensteinlaw.com
crencurrell@rubensteinlaw.com
eservice@rubensteinlaw.com
*Attorney for Plaintiff*